IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ORIGINAL

Larry D. Floyd

V.

Thomas Carroll D.C.C (Warden)

Carl C. Danberg Chief D.A.

OF Delaware

CR. A. NO.

05-869

## MEMORANDUM OF LAW

### IN SUPPORT OF WRIT OF HABEAS CORPUS

FILED

DEC 15 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Larry Floyd

Larry D. Floyd

D.C.C.

1181 Paddock Road

Smyrna De 19977

DATED: 11-28-05

## PROCEDURAL HISTORY & SUPPORTING FACTS

The history IN this case reflects the State of Delaware illegally found Larry Floyd guilty of first degree uNlawful sexual intercourse, secoNd degree burglary and criminal mischief after a two day jury trial IN Superior Court of Sussex County Georgetown Delaware. The petitioNer was illegally seNteNced oN or about March 03, 1989 to life imprisoNment the first (20) mandatory for first degree uNlawful sexual iNtercourse Title 11, § 775 (2), seveN years oN secoNd degree burglary Title 11 § 825 and six moNths oN the crimiNal mischief Title 11, § 811(a)(1).

ON direct appeal, the Delaware Supreme Court affirmed the coNvictioNs. see... Floyd v. State, No 104, 1989 (Del. Nov. 6, 1989) Floyd theN filed motioN for post-coNvictioN relief. The SuperIor Court deNied the motioN, State v. Floyd Cr. A, Nos. S88-01-0142 0143, 0145 (Del. Super, Ct. Dec. 11, 1991)

The Delaware Supreme Court dismissed Floyd's appeal of that decisioN as uNtimely Floyd v. State, No. 18, 1992 (Del. Feb. 12, 1992)

pg 2.

On April 20, 1992 Floyd filed a second motion for post-conviction relief. Again the Superior Court denied the motion, State v. Floyd, Cr. A. Nos. S88-01-0142, 0143, 0145, Del. Super. Ct. May 4, 1992. The Delaware Supreme Court affirmed the Superior Court's decision. Floyd v. State, No. 194, 1992 (Del. July 13 1992) On August 11, 1992 Floyd filed a habeas corpus petition in the District Court and on July 12, 1993 District Court denied and dismissed the Writ of Habeas Corpus. See App 1-3

Petitioner then filed a Motion for Correction of Sentence pursuant to Superior Court Crim. Rule 35(a) and Memorandum of law Jan. 12, 1998. The Superior Court Hon. Lee William Swain by letter (Order) ruled the motion was not timely filed. See App

Petitioner appealed the decision to the Supreme Court and it was affirmed No. 56, 1998 and mandated on 4/4/98

Petitioner states he filed another Motion for Correction of Sentence and Memorandum of law pursuant to Superior Court Crim. Rule 35(a). The Superior Court denied it and Supreme Court affirmed the denial on Feb. 10, 2005. See App 7, 10

Petitioner states before he could get all the issues together Delaware changed laws and made the law retroactive, which directly affects this case. See App. 11, 13

Petitioner states he is filing this Writ of Habeas Corpus due to the illegal change in Delaware Laws and the illegal rulings in State Courts on his motions concerning Correction of an Illegal Sentence.

Petitioner claims the State illegally refused to entertain the issues and merit in the motions.

Petitioner claims he has exhaulsted all issues which were presented to the States Courts in the two prior Motions for Correction of Illegal Sentence.

Ground I.

Petitioner claims the State of Delaware has changed and reinterpret statues regarding sentences, which has violated his 6th 8th and 14th amendment rights as well as the ex-post-facto laws of the State of Delaware.

Petitioner claims he is filing this memorandum of law to support this Writ of Habeas Corpus in the interest of justice due to the illegal change in the interpretation of the statue concerning a life sentence. See App. 11, 13

Petitioner further claims this District Court should consider this claim in the interest of justice due to the recent change of the reinterpretation of statues concerning a life sentence which directly violates petitioners 6th 8th and 14th amendment rights, because the State of Delaware illegally violated their own laws and made it retroactive. See.... Tyler v. Cain, 533 U.S. 656, 121 S. Ct. 2478 (2001)

pg 5

Petitioner claims he did file a
Writ of Habeas Corpus in the District
Court which was dealing with
being denied the right to a
preliminary hearing and that pretrial,
trial, appellate, and post-conviction
counsel provided constitutionally
ineffective assistance of counsel.

Petitioner further claims he
voluntarily dismissed unexhausted
claims and the District Court
denied and dismissed the petition.
see..., Floyd v. Snyder, 1993 WL
797458 (D.Del.) also see.. App. 1, 3

Petitioner claims the State of
Delaware has constantly changed
laws dealing with his case, thereby
constantly violating his 6th and 14th
amendment rights.
    The State Courts of Delaware
ruled that a life sentence is
calculated on the basis of 45 years
pursuant to Title 11, § 4346 (c). see....
Crosby v. State, 824 A.2d 894 (2003)

Petitioner claims he has a life sentence under the old laws of the State of Delaware which was a fixed term of 45 years. See... Title 11 § 4346 (c)

Petitioner claims the State Courts in Delaware has created a new rule of statue and of constitutional law, which statues are retroactive to cases on collateral review by the Supreme Court.

Petitioner further claims he could not have challenged this issue through the exercise of due diligence before April 2005 because that's when the State of Delaware misapplied the laws. see... Evans v State, 872 A.2d 539 (Del 2005)

Petitioner claims it would be a miscarriage of justice if the District Court failed to entertain the claims on the merits, due to the newly developed laws and the violation of petitioners 6th and 14th amendment rights.

pg 7.

Petitioner claims he is intitled to have his life sentence calculated to a fixed period of 45 years under the old laws in accordance with Title 11 § 4346(c).

Petitioner claims the State of Delaware has violated the letter of the law when creating House Bill #31 because it violates the old laws, and therefore they cann't make the law retroactive due to the ex-post-facto laws of Delaware. App: 11, 13

Petitioner claims the State of Delaware shouldn't be able to make laws that are ex-post-facto, retroactive due to the violation of state and federal laws, as well as violating petitioners 6th and 14th amendment rights.

Petitioner claims District Court of Delaware should review House Bill #31 and make a determination as to the violation of ex-post facto laws of Delaware or the United State and if the State of Delaware could legally make the House Bill #31 retroactive.

pg 8.

Petitioner claims the sentence he is serving is illegal due to the violation of the ex-post-facto clause of the United States Constitution, this is a direct violation of petitioner's 6th and 14th amendment rights.

Petitioner claims he is intitled to a calculation concerning the life sentence up to #5 years, which was handed down by the General Assembly

Petitioner claims the Courts must read all of the sentencing statues, as amended, in pari materia to interpret and give effect to the statutory sentencing scheme in operation at any given point in time.

Petitioner claims House Bill No. 31 because it declares that the November 23, 2004 decision of this Court in this very proceeding to be "null and void." It also declares that the Delaware Constitution" vest authority and sole responsibility for lawmaking in the General Assembly. It further provides that "the General Assembly asserts its right and prerogative to be the ultimate arbiter of the intent, meaning and construction of its laws, and to vigorously defend them

pg9

## Ground II

Petitioner claims he was illegally sentenced for U.S.I. first degree in violation of his 5th, 6th, 8th and 14th amendment rights as well as in violation of the laws of Delaware See... Title 11, Del. C. § 4209 A.

---

Petitioner claims he was illegally sentenced by Superior Court of Sussex County for first degree unlawful sexual intercourse, second degree burglary and criminal mischief.

On March 03, 1989, the Superior Court sentenced him to life imprisonment on the first degree unlawful sexual intercourse, with the first 20 being mandatory; seven (7) years on the second degree burglary conviction; and six (6) months on the criminal mischief conviction.

Petitioner claims the first (20) years mandatory was illegally given to him pursuant to Title 11, Del. C. § 4209 A., which violated his 6th, 8th and 14th amendment right,

pg 10

Petitioner claims the alleged crime was committed on or about Jan., 10, 1988 and thus the statue which carried the (20) years mandatory was not in effect at the time of the offense.

Petitioner claims the (20) year minimum mandatory was repealed on or about July 9th, 1986 by 65 Del. Laws, C. 494 § 3.

Petitioner claims that since the statue was repealed therefore the District Court should consider the sentence illegal and imposed in violation of his 6th and 14th amendment rights. Petitioner claims it has been determined by the Supreme Court of the State of Delaware that the twenty year minimum mandatory should not be imposed after July 9th, 1986. see... State V. Harkins, Del. Super. 525 A.2d 573 (1987)

. Petitioner claims the District Court
should make a ruling on the sentence
in this case and determine it was
imposed illegally and in violation
of petitioner's 6th and 14th amendment
rights. Petitioner claims the
District Court should reverse and
remand this case to have the
portion of the (20) years mandatory
stricken in the interest of justice.
see..., State v. Jerome E. Clark,
May 6, 1992.

Petitioner claims he should have been
sentenced by the statute or law
which was in effect at the time
of the crime. The twenty (20)
year mandatory statute was not
in effect at the time the crime
was committed and therefore a
correction of this illegal sentence
is warrented in the interest of
justice, due to the violation of
petitioner's 6th and 14th amendment
rights.

pg 12

Petitioner claims it must be noted by this Honorable Court that the (20) twenty years mandatory statue and law to which the petitioner argues in this instant case was repealed on July 9th, 1986 by 65. Del. laws, 494 § 3. at least two (2) years prior to petitioners alleged offenses because the crimes were not committed on or prior to July 9th, 1986.

The controlling factors which prohibits the current sentence to stand pursuant to 11, Del. Laws C. § 4209 (a) is the repealed part of that statute on July 9th 1986, prior to petitioners crime that occurred in 1988, see... <u>State v. Harkins, 525 A2d 573</u> (1987)

Petitioner claims the State of Delaware used two statues to illegally sentence him one was 11 § 4209 (a) and the other § 4205. both were illegal in violation of petitioners 6th and 14th amendment rights.

pg 13

Petitioner claims the 1986 amendment struct in first degree rape from the sentencing provisions, thus the enhanced penalty for rape in the first degree was repealed. In fact no statutory language then existed mandating a (20) twenty year sentence for first degree rape to be mandatory. See... Lum V. State, 788 A2d 528 (Del. 2002) This Court must determine this sentence illegal according to the statues in effect at the time which the crime occurred and that means no minimum mandatory (20) years can be applied to the sentence without it being a manifest injustice.

Petitioner claims the District Court should in the interest of justice reverse and remand the case for a resentence because the sentence violates the statute and laws of Delaware the (20) twenty year minimum mandatory portion of the sentence was illegal

Petitioner claims he filed a Memorandum of Law Supporting Motion For Correction of Sentence Pursuant to R. 35 (a) Superior Court Criminal Rules.

Petitioner claims on or about January 23, 1998 Hon. William Swain Lee denied the motion in and for Superior Court Sussex County Georgetown Delaware. Hon. William Swain Lee ruled the motion wasn't filed within ninety days of the date of sentencing. see App. 4,

Petitioner claims Hon. William Swain Lee violated Superior Court Criminal Rule 35(a) as well as petitioners 6th and 14th amendment rights because the judge failed to rule on the merit of the claims within the Motion and Memorandum of Law Support Motion For Correction of Sentence Pursuant to R. 35 (a) Superior Court Criminal Rules.

Petitioner claims the District Court should grant this Writ of Habeas Corpus due to the violation of Superior Court Criminal Rule 35(a) as well as petitioner's 6th and 14th amendment rights