## Ground III

Petitioner claims the Superior Court and the Supreme Court of the State of Delaware have misapplied the Superior Court Criminal Rule 35(a) which violated petitioner's 6th and 14th amendment rights.

Petitioner claims he is entitled to relief and this Honorable Court should grant this Writ of Habeas Corpus due to the State Court's violating Superior Court Criminal Rule 35(a) as well as petitioner's 6th and 14th amendment rights. see... GIBSON V. State, 329 S.C. 37, 495 S.E.2d 426, 428 (1998)

Petitioner claims after filing two motions for postconviction relief pursuant to Superior Court Criminal Rule 35(a) due to the illegal sentence and the violation of his 6th and 14th amendment rights. The petitioner was forced to seek relief through the District Court by way of a Writ of Habeas Corpus

pg 16

Petitioner claims he humbly request this Honorable Court to consider the merit in the issues in the interest of justice due to the violation of his 6th and 14th amendment rights. Petitioner claims the Superior Court of Sussex County refuse to honor it's own criminal rule 35(a).

Petitioner claims the vehicle of a Superior Court Criminal Rule 35(a) is predicated on the correction of an Illegal Sentence.

Petitioner claims Superior Court Criminal Rule 35(a) clearly states any person who has been sentenced in violation of the Constitution and laws of this State or the United States, then the court shall cause notice thereof to be served upon the Attorney General, grant a prompt hearing. If the Court finds the petitioner is entitled to relief the Court may set aside the judgment, release the petitioner from custody or resentence the petitioner or otherwise correct the judgment of conviction as may appear appropriate.

pg 17

Petitioner claims he presented several different issues in the two seperate Superior Court Criminal Rule 35(a) motions, Correction of an Illegal Sentence. The Superior Court of Sussex County failed to rule on the merits of the issue presented in State Court, which violated Superior Court Criminal Rule 35(a) as well as petitioners 6th and 14th amendment rights.

Petitioner claims he filed a Memorandum of Law Supporting Motion For Correction of Sentence pursuant to Superior Court Criminal Rules 35(a). That motion was filed in the Superior Court of S/C on or about Jan 23, 1998. The Hon William Swain Lee illegally denied it on Jan 23, 1998 because it was not filed within 90 days. see App. 4

The decision was appealed to the Supreme Court of the State of Delaware and it was denied. see App.

pg 18

Petitioner claims the last motion filed in State Courts was a Motion for Correction of Illegal Sentence which was denied by Hon. E. Scott Bradley on 10/20/2004. See App.

That decision was appealed to Supreme Court and it was affirmed. see App.(A 7-10)

Petitioner claims for the purpose of exhausting state remedies, the State Courts were put on Notice concerning the issues. see.. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). also see... Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). also see... O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.ct. 1728, 144 L.Ed 2d 1 (1999)

Petitioner claims the main issues which the petitioner wants this Honorable Court to address are within the body of this memorandum of law to support this Writ of Habeas Corpus.

The issue of the illegal sentence was concerning the 20 years mandatory which the State Courts failed to correctly apply the laws of Delaware. See... Lum v. State, 788 A2d 528 (Del. 2002)

Another issue which was presented in the Superior Court Criminal Rule 35(a) was the violation of due process because the Attorney General's Information filed against him was constitutionally deficient and filed in violation of his due process rights as well as in violation of state law. See... App 14, 15 Super. Ct. Crim. R. 7(b)

Another issue was Superior Court lacked jurisdiction to hear his case, absent a valid waiver of indictment form being executed prior to the filing of the information as such the state was prohibited from prosecuting the petitioner by information. See... Webster v. State, Del. Supr. 604 A2d 1364, 1366 (1992) App. 16, 18

Another issue was petitioner's sentence is illegal because he was denied his sixth amendment right to self-representation guaranteed by due process under the 14th amendment right. see... Faretta v. California, 422 U.S. 806 (1975)

Petitioner claims he was denied equal protection and due process of law because of the illegal denial of both Superior Court Criminal Rule 35(a) Motions. see Priest v. State, 227 A.2d 526 (Supreme Court of Del. 1967)

Petitioner claims he did fit the criteria for challenging an illegal sentence pursuant to Rule 35(a), however the Delaware Courts have refused to address the issues within either Motion for Correction of an Illegal Sentence. see... Lum v. State,

Petitioner claims the Superior Court can and has corrected sentences in accordance with Superior Court Criminal Rule 35(a). see. Lum v. State, 788 A.2d 528, 2002 WL 86685 (Del.Supr.)

pg 24

<u>Ground IV</u>
Petitioner claims the Superior Court never had proper Jurisdiction for the charges to be in Superior Court of Sussex County, due to the violation of Superior Court R. 7.(b) as well as petitioner's 6th and 14th amendment rights.

Petitioner claims the Court system in Sussex County, in Georgetown Delaware committed a host of violations of his rights, Superior Court Rules and Delaware laws to obtain the illegal convictions in this case. The petitioner was illegally arrested on or about 1/10/1988 for UNLW INTRCRS 1st S88010142 Burglary 2nd, S88010143 and CRM. MISC., S88010145 and didn't have a preliminary hearing which should have caused the State to loose jurisdiction on the case. This Honorable Court should take into consideration the prosecutor illegally elected to file information in the Superior Court of Sussex County in an untimely manner.

pg. 22

The State filed information against the petitioner on Feb. 9, 1988, without first obtaining a valid waiver of indictment without the petitioner's consent and without the advice of the nature of the charge and without advising the petitioner of his rights, all of which is required under due process in accordance with Super. Ct. Crim. R. 7(b).

The law is clear enough "a petitioner may waive his constitutional rights, the Superior Court promulgated Superior Court Criminal Rule 7(b) which permits prosecution by information" if the petitioner, after having been advised of the nature of the charge and of the rights of the petitioner waives in writing, in open court prosecution by indictment."

It is clear from the record the State filed the information without the benefit of a required waiver being executed and without the petitioner's consent.

It follows that a purported waiver which is not proceeded or attended by advice of the charge and the petitioner's rights, is not sufficient to support a prosecution by information in the Superior Court. Since the State filed the Information on Feb. 9, 1988 without and or absent a valid waiver it is equally clear on this record that no such advice was given to the petitioner by counsel or the Court

pg 23

Absent a valid waiver, the State was prohibited from prosecuting the petitioner by information.

The States failure to comply with the due process requirements under Super. Ct. Crim. R. 7(b) is fatal. As of a result of the States failure to execute a formal waiver of indictment before filing Information on Feb. 9, 1988, the Superior Court failed to acquire proper jurisdiction over the case. Harris v. State, Del. Super, 82 A.2d 387 (1951)

Petitioner claims this issue as well as the rest of the claims were present to Superior Court, in a Motion for a Correction of a Illegal Sentence pursuant to Superior Court Criminal Rule 35(a). The rule 35(a) provides that the court may correct an illegal sentence at any time, on the grounds the sentence violates constitutional or statutory rights, or was imposed by a court lacking jurisdiction which is the case here. See... Gural v. State, Del. Supr. 243 A.2d 692 (1968)

pg 2#

### Ground V

Petitioner further claims that his sentence is illegal in that he was denied his sixth amendment to self-representation guaranteed by due process under the 14th constitutional amendment right.

---

Petitioner claims he filed a motion for post-conviction relief pro-se on or about January 12, 1990. Petitioner then filed a pro-se motion for an evidentiary hearing on or about March 21, 1990. The motion for the evidentiary hearing was granted and the Court scheduled the hearing for April 6, 1990. The court then rescheduled the hearing for April 20, 1990.

Petitioner obtained a private attorney to take the case but the attorney took petitioner's money and refused to show up for the hearing. The petitioner was denied effective counsel in violation of his 6th and 14th amendment rights. see...
Faretta v. California, 422 U.S. 806 (1975)

pg 25

Petitioner claims that he should have been given the opportunity to proceed pro-se, (self-representation pursuant to the 6th constitutional amendment prior to the Court dismissing his first post-conviction motion.

As such, petitioner claims that the Courts order dismissing his post-conviction denied him his constitutional rights under the 6th and 14th amendment to self-representation and right to a full and fair hearing. see...
Sims v. Livesay, 970 F.2d 1525 (6th Cir. 1992)

The Supreme Court held that an accused has a sixth amendment right to conduct his own defense in a criminal case. see... U.S. v. Purnett, 910 F.2d 51, 54 (2d Cir 1990)
The right to self-representation on filing motions and briefs on appeals is guaranteed under the 6th and 14th amendment rights. see..
Myers v. Collins, 8 F.3d 249, 253, (5th Cir. 1993)

pg 26

## Conclusion

WHEREFORE, petitioner humbly pray's this Honorable Court to grant and issue this Writ of Habeas Corpus, due to the newly created law of Delaware, under House Bill No.#31 and the violation of petitioner's 6th and 14th amendment rights.

_Larry Floyd_
Larry D. Floyd
D.C.C.
1181 Paddock Road
Smyrna De. 19977

Dated: 11-28-05

# Certificate of Service

I, **Larry D. Floyd**, hereby certify that I have served a true and correct cop(ies) of the attached: **Memorandum of Law In Support of Writ of Habeas Corpus** upon the following parties/person (s):

TO: **District Court Clerk**
**U.S. District Court**
**Lockbox 18**
**844 King St**
**Wilmington, DE. 19801**

TO: **Attorney General**
**Attorney General's Office**
**Carvel State office Bldg.**
**820 N. French st**
**Wilm. DE. 19801**

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this **28** day of **Nov**, 200**5**