IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

☐ ORIGINAL

Larry D. Floyd

V.

Thomas Carroll, D.C.C. Warden

Carl C. Danberg, Chief D.A.

CR. A. NO.

05 - 869

APPENDIX IN SUPPORT OF THE
WRIT OF HABEAS Corpus

FILED

DEC 15 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Larry Floyd

Larry D. Floyd
D.C.C.
1181 Paddock Road
Smyrna De. 19977

Dated: 11-28-05

District Court Order Larry D. Floyd V. Snyder and Charles M. Oberly III Civ. A. No. 92-469-RRM . . . . . . . . (A-1,3)

Superior Court Order, Hon. William Swain Lee dated 1/23/1998 . . . . . . . . (A-4)

Hon. E. Scott Bradley order dated 10/20/2004 (A-5)

Court Order on Reargument dated 11/8/2004 (A-6)

Supreme Court Order No. 506, 2004, dated Feb. 10 2005 . . . . . . . . . (A-7,10)

House Bill #31 . . . . . . . . (A-11,13)

Information by Attorney General Feb. 8 1988 (A14,15)

Arraignment Feb. 26, 1988 . . . . . (A-16,18)

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM SWAIN LEE
RESIDENT JUDGE

P.O. BOX 746
COURTHOUSE
GEORGETOWN, DE 19947

January 23, 1998

Mr. Larry D. Floyd
Delaware Correctional Center
P.O. Box 500
Smyrna, DE  19977

RE:  Cr. A. No. S88-01-0142, 0143, 0145
Def. ID# 88S00874DI

Dear Mr. Floyd:

I have reviewed your Memorandum of Law Supporting Motion
Pursuant for Correction of Sentence Pursuant to R35(a) Superior
Court Criminal Rules filed on January 22.  The sentence imposed
upon you is not illegal.  Your motion was not filed within ninety
days of the date of sentencing and, therefore, is denied.

Yours very truly,

William Swain Lee

WSL:kjt
xc:  Prothonotary

A-4

5

Westlaw.

**MHU
Law Library**

Page 1

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 797458 (D.Del.)
**(Cite as: 1993 WL 797458 (D.Del.))**

# H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware
Larry D. **FLOYD,** Petitioner,
v.
Robert **SNYDER** and Charles M. Oberly, III,
Respondents.
**Civ. A. No. 92-469-RRM.**

July 12, 1993.
Larry D. **Floyd,** pro se petitioner.

Loren C. Meyers, State of Delaware Department of
Justice, Wilmington, for respondents.

MEMORANDUM OPINION

McKELVIE, District Judge.

**\*1** This is a habeas corpus case. The petitioner,
Larry D. **Floyd,** is a state prisoner. On January 24,
1989, following a two day jury trial, **Floyd** was
convicted in the Superior Court of the State of
Delaware in and for Sussex County of first degree
unlawful sexual intercourse, second degree burglary,
and criminal mischief. On March 13, 1989, the
Superior Court sentenced him to life imprisonment
on the first degree unlawful sexual intercourse
conviction; seven years on the second degree
burglary conviction; and six months on the criminal
mischief conviction.

On direct appeal, the Delaware Supreme Court
affirmed the convictions. *Floyd v. State,* No. 104,
1989 (Del. Nov. 6, 1989) (*Floyd I* ). **Floyd** then
moved for post-conviction relief. The Superior
Court denied the motion, *State v. Floyd,* Cr.A. Nos.
S88-01-0142, 0143, 0145 (Del.Super.Ct. Dec. 11,
1991) (*Floyd II* ), and the Delaware Supreme Court
dismissed **Floyd's** appeal of that decision as
untimely. *Floyd v. State,* No. 18, 1992 (Del. Feb. 12,
1992) (*Floyd III* ). On April 20, 1992, **Floyd** filed a
second motion for post-conviction relief. Again, the
Superior Court denied the motion, *State v. Floyd,*
Cr.A. Nos. S88-01-0142, 0143, 0145 (Del.Super.Ct.
May 4, 1992) (*Floyd IV* ), and the Delaware Supreme
Court affirmed the Superior Court's decision. *Floyd*

*v. State,* No. 194, 1992 (Del. July 13, 1992) (*Floyd V*
).

On August 11, 1992, **Floyd** filed a habeas petition in
this Court. In his petition, **Floyd** raised four grounds
for federal habeas relief. On May 27, 1993, having
reviewed the petition and the state court records in
this matter, the Court determined that **Floyd** had
failed to exhaust state court remedies regarding two
of his claims. As mixed petitions must be dismissed
in their entirety unless the petitioner dismisses the
unexhausted claims, *Rose v. Lundy,* 455 U.S. 509,
520 (1982), the Court ordered Floyd to advise the
Court whether he wished to voluntarily dismiss the
unexhausted claims and proceed with the remaining
claims. On June 4, 1993, Floyd voluntarily
dismissed his unexhausted claims. Accordingly, the
Court will address his remaining claims: (1) that his
pretrial, trial, appellate, and post-conviction counsel
provided constitutionally ineffective assistance of
counsel; and, (2) that he was denied the right to a
preliminary hearing.

*FACTUAL BACKGROUND*

On January 9, 1988, Carolyn Bailey was at home
with her two children. Her husband had gone out to
a club for the evening. At some point that night, she
and one of her children fell asleep watching
television. Thereafter, Mrs. Bailey awoke to find a
man on top of her engaging in sexual intercourse.
She quickly realized it was not her husband but Larry
Floyd, a friend of her husband whom she had met
approximately one year before. Mrs. Bailey
screamed, pushed Floyd off of her, and chased him
out of the house. After she had chased Floyd out of
the house, Mrs. Bailey noticed a window in the
kitchen had been broken.

Later that evening, Floyd arrived at the club where
Mr. Bailey was. Floyd told Mr. Bailey that he had
just driven past his house and had noticed that a door
was open and a window was broken. Mr. Bailey
immediately left the club and went home, where he
found his wife crying and upset. After Mrs. Bailey
told her husband what had happened, Mr. Bailey left
the house in search of **Floyd.** He found **Floyd** at
**Floyd's** mother's house. Mr. Bailey and **Floyd** had a
brief altercation in which **Floyd** denied having been
at the Bailey's home at the time of the offense.
During the altercation, Mr. Bailey determined that
**Floyd's** shoes matched the footprints he had found

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A- 1

Not Reported in F.Supp.                                                                                Page 2
Not Reported in F.Supp., 1993 WL 797458 (D.Del.)
**(Cite as: 1993 WL 797458 (D.Del.))**

outside his home under the broken window.

**\*2** When Mr. Bailey returned home, and his wife reported the incident to the police.

*DISCUSSION*

1. *Ineffective assistance of counsel*

In his first claim for relief, Floyd alleges his pretrial, trial, appellate, and post-conviction counsel provided ineffective assistance. In support of this claim, Floyd cites the following instances of his counsel's allegedly deficient performance: (1) his pretrial counsel waived a preliminary hearing without his consent; (2) his trial counsel failed to call any expert witnesses on his behalf and failed to present "favorable evidence" to the jury; (3) his appellate counsel failed to raise on direct appeal the argument that the evidence at trial was insufficient to convict **Floyd** of unlawful sexual intercourse; and (4) his post-conviction counsel failed to present certain arguments to the Superior Court after it had scheduled an evidentiary hearing on **Floyd's** post-conviction motion.

In order to demonstrate that his counsel was constitutionally ineffective, **Floyd** must satisfy the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). First, **Floyd** must show that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Second, **Floyd** must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

For the following reasons, the Court finds **Floyd** has not satisfied the *Strickland* test for any of his ineffective assistance of counsel claims. First, **Floyd** cannot establish that by waiving a preliminary hearing, his pretrial counsel's performance fell below an objective standard of reasonableness. In its decision on **Floyd's** post-conviction motion, the Superior Court found that it is customary in Delaware for defense counsel to waive preliminary hearings in exchange for receiving police reports. *Floyd II,* at 6. Moreover, **Floyd** has not established that he was prejudiced by his counsel's decision to waive the preliminary hearing. He merely complains about the decision; he has not identified any evidence that could have been introduced at the preliminary hearing that would have affected the outcome of his trial.

Second, he has not identified any facts or circumstances demonstrating that he was prejudiced by his trial counsel's decision not to call various expert witnesses. He has not identified specific testimony these experts would have been able to offer at trial; nor has he demonstrated how the experts' testimony would have affected the outcome of his trial. Floyd also claims his trial counsel refused to present "favorable evidence" to the jury; however, Floyd has not identified any specific evidence his attorney failed to present or demonstrated how such evidence would have affected the outcome of his trial.

Third, Floyd cannot show that he was prejudiced by his appellate counsel's decision not to raise on appeal the argument that the evidence at trial was insufficient to convict Floyd of unlawful sexual intercourse. In light of Mrs. Bailey's testimony at trial that Floyd was the man who broke into her home and raped her, there was sufficient evidence to convict Floyd of unlawful sexual intercourse.

**\*3** Fourth, as there is no constitutional right to counsel in post-conviction proceedings, Floyd cannot maintain a claim that his post-conviction counsel provided constitutionally ineffective assistance. *See Coleman v. Thompson,* 115 L.Ed.2d 640, 671 (1991).

2. *Preliminary hearing*

In his second claim for relief, Floyd alleges he was denied the right to a preliminary hearing. This claim does not raise any issues cognizable under 28 U.S.C. § 2254. The Constitution does not require a state preliminary hearing. *See, e.g., Nichols v. Estelle,* 556 F.2d 1330, 1331 (5th Cir.1977), *cert. denied,* 434 U.S. 1020 (1978); *United States ex rel. Dickens v. Rundle,* 328 F.Supp. 41, 43 (E.D.Pa.1971). Accordingly, Floyd's second claim for relief lacks merit.

For the foregoing reasons, the Court will deny Floyd's petition. The Court will enter an Order in accordance with this Memorandum Opinion.

*ORDER*

For the reasons stated in the accompanying Memorandum Opinion of this date,

IT IS HEREBY ORDERED as follows:

1. Petitioner's application for a writ of habeas corpus is DENIED and the petition is DISMISSED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A-2

Not Reported in F.Supp.                                                                Page 3
Not Reported in F.Supp., 1993 WL 797458 (D.Del.)
**(Cite as: 1993 WL 797458 (D.Del.))**

2. No probable cause exits to appeal.

3. The Clerk shall mail a copy of the Court's
Memorandum Opinion and this Order to the
petitioner and to Loren C. Meyers, Esquire, Deputy
Attorney General, Department of Justice, 820 N.
French Street, Wilmington, Delaware 19801.

Not Reported in F.Supp., 1993 WL 797458 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

•          1:92CV00469              (Docket)
(Aug. 11, 1992)

END OF DOCUMENT

A-3

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

E. SCOTT BRADLEY
*JUDGE*

SUSSEX COUNTY COURTHOUSE
THE CIRCLE
P.O. BOX 746
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

October 20, 2004

Larry Floyd
SBI# 00151344
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: Def. ID# 88S00074DI

Dear Mr. Floyd:

The Court cannot consider allegations of your constitutional rights, which are the basis for your Motion for Correction of Sentence, under your present application. The Court finds that the sentence imposed was within the legal and statutory guidelines.

Your motion is denied. IT IS SO ORDERED.

Yours very truly,

E. Scott Bradley

kjt
xc: Prothonotary

A-5



# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

E. SCOTT BRADLEY
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

November 8, 2004

Larry Floyd
SBI# 00151344
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: Def. ID# 88S00074DI

Dear Mr. Floyd:

Again, the Court cannot consider allegations of your constitutional rights under a Motion for Correction of Sentence. Your Motion for Reargument is denied.

IT IS SO ORDERED.

Yours very truly,

E. Scott Bradley

kjt
xc: Prothonotary

A-6

IN THE SUPREME COURT OF THE STATE OF DELAWARE

LARRY FLOYD, §
§
Defendant Below- § No. 506, 2004
Appellant, §
§ Court Below---Superior Court
v. § of the State of Delaware,
§ in and for Sussex County
STATE OF DELAWARE, § Cr. A. Nos. S88-01-0142; 0143;
§ 0145
Plaintiff Below- §
Appellee. §

Submitted: January 10, 2005
Decided: February 10, 2005

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices

## O R D E R

This 10th day of February 2005, upon consideration of the appellant's

opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule

25(a), it appears to the Court that:

(1)    The defendant-appellant, Larry Floyd, filed an appeal from the

Superior Court's October 20, 2004 order denying his motion for correction of

illegal sentence pursuant to Superior Court Criminal Rule 35(a).  The plaintiff-

appellee, the State of Delaware, has moved to affirm the Superior Court's

A-7

proceedings prior to the imposition of sentence.[3]   A sentence is illegal when it

exceeds the statutorily-authorized limits or violates double jeopardy.[4]   A sentence

also is illegal if it is ambiguous with respect to the time and manner in which it is

to be served, is internally contradictory, omits a term required to be imposed by

statute, is uncertain as to its substance, or is not authorized by the judgment of

conviction.[5]

(5)    None of the claims made by Floyd has any bearing on the alleged

illegality of his sentences.  As such, Floyd is not entitled to any relief pursuant to

Rule 35(a).

(6)    It is manifest on the face of Floyd's opening brief that this appeal is

without merit because the issues presented on appeal are controlled by settled

Delaware law and, to the extent that judicial discretion is implicated, clearly there

was no abuse of discretion.

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[4] *Id.*
[5] *Id.*



MHU
Law Library

SPONSOR:     Rep. Smith & Sen. Vaughn & Sen. Adams & Rep. Spence &
Lee & Sen. Still & Rep. Gilligan & Sen. Cook & Sen. DeLt
Rep. VanSant;
Reps. Atkins, Booth, Buckworth, Carey, Cathcart, Caulk, D
Ewing, Fallon, Hocker, Hudson, Lavelle, Lofink, Maier, Mi
Oberle, Outten, Roy, Stone, Thornburg, Ulbrich, Valihura,
Wagner, Williams; Sens. Bonini, Bunting, Marshall, Simps(
Venables

HOUSE OF REPRESENTATIVES

143rd GENERAL ASSEMBLY

HOUSE BILL NO. 31

AN ACT TO AMEND TITLE 10 OF THE DELAWARE CODE RELATING TO THE CASE OF WARD T. EVANS V.
STATE OF DELAWARE, 2004 WL 2743546 (DEL. SUPR.) AND GENERALLY THE INTERPRETATION AND
CONSTRUCTION OF DELAWARE LAWS BY DELAWARE JUDICIAL OFFICERS.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

Section 1. Amend Part III, Title 10 of the Delaware Code by adding thereto a new chapter to read:

"CHAPTER 54. COURT INTERPRETATION AND CONSTRUCTION OF DELAWARE LAWS

§5401. Findings of the General Assembly.

(a)     The members of the 143rd General Assembly find that:

(1)     on November 23, 2004, the Delaware Supreme Court sitting en Banc decided the case of Ward T.
Evans v. State of Delaware, 2004 WL 2743546 (Del. Supr.); and

(2)     the Court held that Evans's life sentence with possibility of parole (the penalty imposed after a
September 29, 1982 jury conviction of first degree rape) had to be calculated as a 45-year term, for purposes of
determining his conditional release date pursuant to 11 Del. C. §4348; and

(3)     in 1997, the Court held that §4348 could not be applied to inmates sentenced to life imprisonment
with possibility of parole (Jackson v. Multi-Purpose Criminal Justice Facility, 700 A.2d 1203 (Del. 1997)), but in
2003 the Court reversed that decision (Crosby v. State, 824 A.2d 894 (Del. 2003)); and

(4)     as a result of the Court's 2004 holding, the Evans case was reversed and remanded to the Superior
Court for a determination of whether Evans had earned any good time or merit credits, and for an appropriate
adjustment of his maximum release date; and

(5)     following the Evans decision, the State of Delaware, through the Office of the Attorney General, filed

a motion to reargue, which the Court denied; and

(6)    Title 11, §4346 of the Delaware Code, which addresses eligibility for parole, states that "[f]or all purposes of this section, a person sentenced to imprisonment for life shall be considered as having been sentenced to a fixed term of 45 years" (emphasis added); and

(7)    the 45-year fixed term was intended to apply and applies only to §4346 for determining parole, a discretionary proceeding, and does not apply to §4348, a mandatory proceeding which determines conditional release upon merit and good behavior credits; and

(8)    when the General Assembly wrote the phrase, "shall, upon release, be deemed as released on parole" (emphasis added) in 11 Del. C. §4348, it was establishing a legal fiction in order to use the provisions of the Parole subchapter for supervision and other post-release requirements for both parolees and those conditionally released under §4348; and

(9)    the special requirement of a super-majority vote to parole a person convicted of Rape in the first degree and other heinous crimes is further proof that §4346 and §4348 are two separate and distinct procedures, the former being discretionary and the latter, mandatory; and

(10)    because applying the 45-year fixed term definition to §4348 results in the potential release from prison of a person convicted of Rape in the first degree after the person's serving as few as 26 years, and, further, will result in nearly 200 Delaware prisoners who have committed serious and heinous crimes prior to June 30, 1990 being released from prison, the Supreme Court erred by reading a clearly written statute, being 11 Del. C. §4346, and by applying it to another statute, despite the clear language that limits the definition of a life sentence with possibility of parole to only §4346. In addition, the General Assembly had never intended that good time or merit credits were to apply to serious, violent offenders.

§5402.  Evans v. State

Based on the findings set forth in §5401 of this chapter and in recognition that the Delaware Constitution vests authority and sole responsibility for lawmaking in the General Assembly, the General Assembly asserts its right and prerogative to be the ultimate arbiter of the intent, meaning, and construction of its laws and to vigorously defend them; therefore, the members of the General Assembly declare that the decision of the Delaware Supreme Court in the case of Evans v. State, 2004 WL 2743546 (Del. Supr.), is null and void. Because the Court's order in Evans v. State has not yet been put into effect, the sentence of any prisoner who may have been affected by the Order, had it gone into effect, is deemed to be uninterrupted and is not subject to an ex post facto attack.

§5403.    Construction and interpretation of laws.

(a)    Delaware judicial officers may not create or amend statutes, nor second-guess the soundness of public policy or wisdom of the General Assembly in passing statutes, nor may they interpret or construe statutes and other Delaware law when the text is clear and unambiguous.

A-12

(b)    Notwithstanding 11 Del. C. §203, Delaware judicial officers shall strictly interpret or construe legislative intent.

(c)    Delaware judicial officers shall use the utmost restraint when interpreting or construing the laws of this State.".

Section 2.  If any provision of this Act or the application thereof to any person or circumstance is held invalid, such invalidity does not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and, to that end, the provisions of this Act are severable.

## SYNOPSIS

This bill declares the case of <u>Ward T. Evans v. State of Delaware</u> null and void because the Delaware Supreme Court's interpretation or construction of two sections of the Delaware Code was not what the texts of those sections clearly stated and was not based on legislative intent.  In addition, the General Assembly had never intended that good time or merit credits were to apply to serious, violent offenders.  The Court erred in its decision of <u>Evans v. State</u>.  The General Assembly finds that the Court had previously interpreted the sections correctly in <u>Jackson v. Multi-Purpose Criminal Justice Facility</u>, 700A.2d1203(Del. 1997), but reversed itself in the <u>Crosby</u> and <u>Evans</u> cases.

The bill also establishes specific standards for judicial officers to use when interpreting or construing Delaware law.

A-13



delawareonline.com > Th
e News Journal >
Local > Story

## House OKs bill to halt release of felons
## Attorneys question constitutionality of legislation on prison sentencing rules

**By ESTEBAN PARRA and PATRICK JACKSON / The News Journal**

01/26/2005

The House of Representatives on Tuesday unanimously passed a bill that would set aside a state Supreme Court ruling concerning the release of convicted felons under pre-1990 sentencing guidelines and would greatly restrict the courts' future ability to pass judgment on legislation. House Bill 31 now goes to the state Senate, which could take it up as early as today.

Some attorneys questioned how the bill could pass constitutional muster.

Separation of powers is a governmental doctrine that prevents any one person or group from gaining too much power, dividing a sovereign government between two or more strongly independent entities.

"This is a dangerous proposition," Attorney Joseph A. Gabay said when contacted about the bill. "I just find this to be an unfortunate action by the Legislature. I think it violates the separation of powers."

The bill was sparked by a state Supreme Court ruling that a 57-year-old rapist sentenced to life in prison with the possibility of parole could be released in 45 years or fewer because he committed the crime before Delaware's Truth in Sentencing Act of 1989, which changed the definition of a life sentence to a natural life. Before the law's June 30, 1990, enactment, a life sentence was considered 45 years, and some convicts could receive time off for good behavior. The state Attorney General's Office appealed the decision, but the court denied the appeal earlier this month.

State corrections commissioner Stan Taylor testified before the House that there were about 213 offenders eligible for release, including 24 first-degree murderers, 34 second-degree murderers, 67 rapists, 35 convicted of unlawful sexual intercourse, 20 kidnappers and 14 habitual offenders.

If the bill fails, Taylor said the commission would place electronic tracking bracelets on the offenders.

That was cold comfort to Byrd Whaley and his son Greg Whaley of Laurel. Byrd's father was killed and robbed and his mother was killed and raped in 1961 by Kermit West, whom the Whaleys were advised would be subject to release.

"Attorney General Jane Brady told me they have technology to keep track of them, but like I said on the floor, that doesn't matter in the face of a determined man holding a gun," Byrd said. "This is a man who has threatened to kill me, two other people and 'others' in court and in prison. ... We live this nightmare every time he goes to the [board of pardons]. The only way it will end is when he's dead."

Smith said the bill's language setting aside a Supreme Court ruling and imposing restrictions on judicial review of legislative action "plows new ground."

"I've talked to attorneys who tell me this will stand up, and I've talked to attorneys who say this is on shaky ground," Smith said. "But we have a responsibility to protect the citizens and this is something we need to do."

*Reporter J.L. Miller contributed to this article. Contact Esteban Parra at 324-2299 or eparra@delawareonline.com. Contact Patrick Jackson at 678-4274 or pjackson@delawareonline.com.*

TOP OF PAGE | PRINTER-FRIENDLY FORMAT | E-MAIL THIS ARTICLE

GENERAL ASSEMBLY

News and information from the Delaware General Assembly >>

ADVERTISEMENT



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| THE STATE OF DELAWARE | X CRIMINAL ACTION NOS. S88-01-0142 - 0143 and S88-01-0145 |
| vs. | X Information by the Attorney General for Count 1, Burglary in the Second Degree, a |
| LARRY D. FLOYD | X felony; Count 2, Unlawful Sexual Intercourse in the First Degree, a felony; |
| | X Count 3, Criminal Mischief, a misdemeanor |

The Attorney General of the State of Delaware, information makes

that LARRY D. FLOYD did commit the following offenses, to-wit:

COUNT 1 - BURGLARY IN THE SECOND DEGREE - A FELONY - S88-01-0143

LARRY D. FLOYD on or about the 9th day of January, 1988, in

the County of Sussex, State of Delaware, did knowingly and unlaw-

fully enter the residence located at Route #6 Box 663, Millsboro,

Delaware, with the intent to commit the crime of Unlawful Sexual

Intercourse therein, in violation of Title 11, Section 825 of the

Delaware Code.

COUNT 2 - UNLAWFUL SEXUAL INTERCOURSE IN THE FIRST DEGREE - A FELONY -
S88-01-0142

LARRY D. FLOYD on or about the 9th day of January, 1988, in

the County of Sussex, State of Delaware, did intentionally engage

in sexual intercourse with Carolyn Bailey without her consent and he

was not the voluntary social companion of said Bailey on the

occasion of the crime nor had she previously permitted him sexual

intercourse with the previous twelve months, in violation of Title

11, Section 775(2) of the Delaware Code.

COUNT 3 - CRIMINAL MISCHIEF - A MISDEMEANOR -  S88-01-0145

LARRY D. FLOYD on or about the 9th day of January, 1988, in

the County of Sussex, State of Delaware, did intentionally damage

a window belonging to Carolyn Bailey and valued at less than Five Hundred Dollars ($500.00), in violation of Title 11, Section 811(a)(1) of the Delaware Code.

_____
CHARLES M. OBERLY, III
ATTORNEY GENERAL

_____
DEPUTY ATTORNEY GENERAL

DATED: FEBRUARY 8, 1988

A-15

FILED

1      IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
             IN AND FOR SUSSEX COUNTY
2
   - - - - - - - - - - - - - - - -x
3                                :
STATE OF DELAWARE,               :
4                                :
        vs.                      : Criminal Action S88-01-0142
5                                :
                                 :
6  LARRY D. FLOYD,               :
                                 :
7           Defendant.           :
                                 :
8  - - - - - - - - - - - - - - - -x

9               TRANSCRIPT OF PROCEEDINGS

10                        Suusex County Courthouse
                          Georgetown, Delaware
11                        Friday, February 26, 1988

12    The above-entitled matter came on for Arraignment in open cour

   at 9:30 a.m.
13
      BEFORE:
14
          HONORABLE WILLIAM B. CHANDLER, III, Resident Judge.
15
16   APPEARANCES:

17       JAMES W. ADKINS, ESQ., Deputy Attorney General,

             appearing on behalf of the State of Delaware.
18
         MERRITT BURKE, III, ESQ., appearing on behalf of the
19
             defendant.
20

                          A-16
21

22
                      WILLIAM H. TRANKLE
23                    OFFICIAL COURT REPORTER

Exhibit (1)(B)

```
 1                       P R O C E E D I N G S

 2          MR. ADKINS:  Number 10 on the Arraignment

 3   Calendar, the State moves the arraignment of Larry D.

 4   Floyd.

 5          MR. BURKE:  Please enter my appearance.  Mr.

 6   Floyd waives reading of the Indicment, enters pleas of

 7   not guilty, requests at this time trial by jury.

 8          THE COURT:  Let the pleas of not guilty be

 9   entered.  Mr. Burke's appearance is noted.  And the

10   case review date is March 8, Mr. Burke.

11          MR. BURKE:  Thank you, Your Honor.

12          (Hearing concluded.)

13
```

A-17

1                    C E R T I F I C A T E

2          I, William H. Trankle, an Official Court Reporter of

3    the Superior Court of the State of Delaware, do hereby certify

4    the above and foregoing Pages 1 to 2 to be a true and accurate

5    transcript of the proceedings therein indicated on February 26,

6    1988, as was stenographically reported by me and reduced to

7    typewriting under my direct supervision, as the same remains of

8    record in the Sussex County Courthouse in Georgetown, Delaware.

9

10

11                              _____
                                     William H. Trankle

12
                                     _____
                                           2-16-94

13                                         Date

14

15

16

17

18

19
                              A-18
20

21

22

23

## Certificate of Service

I, Larry D. Floyd ___, hereby certify that I have served a true
and correct cop(ies) of the attached: Appendix In Support Of
Writ of Habeas Corpus ___ upon the following
parties/person (s):

TO: District Court Clerk
U.S. District Court
Lockbox 18
844 King St
Wilmington, DE. 19801

TO: Attorney General
Attorney General's Office
Carvel State Office Bldg.
820 N. French St.
Wilm. DE. 19801

TO: _____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road,  Smyrna, DE
19977.

On this 28 day of ___ Nov ___, 2005

_____