IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LARRY D. FLOYD**, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 05-869-KAJ |
| **THOMAS CARROLL**, Warden, and **CARL C. DANBERG**, Attorney General of the State of Delaware, | : |
| Respondents. | : |

**MOTION FOR LEAVE
TO FILE MOTION TO DISMISS**

Respondents move for leave to file a motion to dismiss, in lieu of an answer, under Rule 5 of the Rules Governing Section 2254 Actions and in support thereof state the following:

On January 24, 1989, following a two day jury trial, the petitioner, Larry D. Floyd, was convicted in Delaware Superior Court of first degree unlawful sexual intercourse, second degree burglary, and criminal mischief. On March 13, 1989, Superior Court sentenced Floyd to life imprisonment on the unlawful sexual intercourse conviction, seven years on the burglary conviction, and six months on the criminal mischief conviction. On direct appeal, the Delaware Supreme Court affirmed the convictions. *Floyd v. State*, No. 104, 1989, 1989 WL 149468 (Del. Nov. 6, 1989). Floyd then moved for postconviction relief. The Superior Court denied the motion (*State v. Floyd*, 1991 WL 269904 (Del. Super. Ct.)), and the Delaware Supreme Court dismissed Floyd's appeal of that decision as untimely. *Floyd v. State*, 1992 WL 53409 (Del.). On April 20, 1992, Floyd filed a second state postconviction motion. Again, the Superior Court denied the motion, and the Delaware Supreme Court affirmed the Superior Court's decision. *Floyd v. State*, 1992 WL 183086 (Del.). On August 11, 1992, Floyd applied for federal habeas

relief. This Court, in a 3-page memorandum opinion, dismissed the petition in July 1993. *Floyd v. Snyder*, Civ. Act. No. 92-469-RRM, 1993 WL 797458 (D. Del. July 12, 1993).

In a petition dated November 28, 2005, Floyd has again applied for federal habeas relief. D.I. 2. The petition, however, is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A).

Though Habeas Rule 5 requires the filing of an answer to the petition, Habeas Rule 4 provides that the district court may permit other pleadings to be filed in response to a federal habeas petition. Indeed, the Advisory Committee Notes to Rule 4 makes that perfectly clear: "For example, the judge may want to authorize the respondent to make a motion to dismiss based on information furnished by respondent . . . ." In light of the jurisdictional defect in Floyd's instant action, a full answer to the allegation in the petition is unnecessary. If judicial economy and efficiency are important considerations behind requiring an "answer" under Rule 5, those considerations are equally well served by allowing a motion to dismiss in this case where the filing of the petition has not been authorized under § 2244(b)(3). *See also Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005) ("Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition."). In the event that Floyd obtains the requisite permission from the Court of Appeals under § 2244(b)(3), respondents, consistent with Rule 5 and local practice, can then file an answer to the petition.

To minimize any delay, respondents have, contemporaneously with this application, filed the motion to dismiss the petition.

For the foregoing reasons, the application for leave to file a motion to dismiss should be granted.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: February 16, 2006

**RULE 7.1.1 CERTIFICATION**

I hereby certify that I have neither sought nor obtained the consent of the petitioner, who is incarcerated and appearing *pro se*, to the subject matter of this motion.

/s/ Elizabeth R. McFarlan
Deputy Attorney General

Counsel for Respondents

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2006, I electronically filed a motion for leave to file motion to dismiss with the Clerk of Court using CM/ECF. I also hereby certify that on February 16, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

Larry D. Floyd
SBI No. 151344
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us