IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LARRY D. FLOYD**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-869-KAJ |
| | : | |
| **THOMAS CARROLL**, Warden, | : | |
| and **CARL C. DANBERG**, Attorney | : | |
| General of the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

**MOTION TO DISMISS**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, respondents move to dismiss the petition for a writ of habeas corpus on the grounds that the Court lacks subject matter jurisdiction for the following reasons:

On January 24, 1989, following a two day jury trial, the petitioner, Larry D. Floyd, was convicted in Delaware Superior Court of first degree unlawful sexual intercourse, second degree burglary, and criminal mischief. On March 13, 1989, Superior Court sentenced Floyd to life imprisonment on the unlawful sexual intercourse conviction, seven years on the burglary conviction, and six months on the criminal mischief conviction. On direct appeal, the Delaware Supreme Court affirmed the convictions. *Floyd v. State*, No. 104, 1989, 1989 WL 149468 (Del. Nov. 6, 1989). Floyd then moved for postconviction relief. The Superior Court denied the motion (*State v. Floyd*, 1991 WL 269904 (Del. Super. Ct.)), and the Delaware Supreme Court dismissed Floyd's appeal of that decision as untimely. *Floyd v. State*, 1992 WL 53409 (Del.). On April 20, 1992, Floyd filed a second state postconviction motion. Again, the Superior Court denied the motion, and the Delaware Supreme Court affirmed the Superior Court's decision.

*Floyd v. State*, 1992 WL 183086 (Del.). On August 11, 1992, Floyd applied for federal habeas relief. This Court, in a 3-page memorandum opinion, dismissed the petition in July 1993. *Floyd v. Snyder*, Civ. Act. No. 92-469-RRM, 1993 WL 797458 (D. Del. July 12, 1993).

In a petition dated November 28, 2005, Floyd has again applied for federal habeas relief. D.I. 2. The petition, however, is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A); *see Felker v. Turpin*, 518 U.S. 651, 657 (1996) (§2244(b)(3)(A) creates a "gatekeeping" mechanism that requires a prospective applicant to "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court."); *see also In re Minarik*, 166 F.3d 591, 599-600 (3d Cir. 1999) (§ 2244 applicable even if prior petition was filed and decided before AEDPA). Claims that could have been raised in an earlier habeas petition are subsequently barred. *See Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005).

In his petition, Floyd raises four claims, two of which (claims 2 and 4) relate to his original sentencing in 1989 and could clearly have been raised (and in fact his claim regarding the lack of a preliminary hearing was raised) in Floyd's 1992 federal habeas petition. Floyd also raises a claim regarding an allegedly new state law regarding sentencing made retroactive to Floyd's case. *See* D.I. 2 at 6; D.I. 3 at 5-9. That law, House Bill 31, however, was held to be unconstitutional by the Delaware Supreme Court in *Evans v. State*, 872 A.2d 539 (Del. 2005). Finally, Floyd challenges the state's application of Superior Court Rule 35(a) to his postconviction claims. *See* D.I. 2 at 9; D.I. 3 at 16-21. Allegations of error in state

2

postconviction relief proceedings, however, cannot serve as the basis for federal habeas relief. *See Chaussard v. Fulcomer*, 816 F.2d 925, 932 (3d Cir. 1987); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 449-50 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 826 (D. Del. 1997); *see also Lambert v. Blackwell*, 387 F.3d 210, 237-39 (3d Cir. 2004). Floyd's claims cognizable on federal habeas review do not challenge conduct that occurred subsequent to the filing of the earlier petition. Thus, Floyd's instant petition is clearly a "second or successive" petition. *See Benchoff*, 404 F.3d at 817-18. The record is clear that Floyd has not obtained leave from the Court of Appeals for the Third Circuit to file the instant petition. Accordingly, by operation of § 2244(b)(3), this Court has no jurisdiction to consider Floyd's latest petition, and the case must therefore be dismissed. *See id*. at 820; *Felker*, 518 U.S. at 657 (1996).

Respondents attach herewith the memorandum opinion of the Court in Civil Action No. 92-469-RRM.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:  February 16, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2006, I electronically filed a motion to dismiss with the Clerk of Court using CM/ECF. I also hereby certify that on February 16, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

    Larry D. Floyd
    SBI No. 151344
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

    /s/ Elizabeth R. McFarlan
    Deputy Attorney General
    Department of Justice
    820 N. French Street
    Wilmington, DE 19801
    (302) 577-8500
    Del. Bar. ID No. 3759
    elizabeth.mcfarlan@state.de.us