Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1993 WL 797458 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware
Larry D. FLOYD, Petitioner,
v.
Robert SNYDER and Charles M. Oberly, III, Respondents.
**Civ. A. No. 92-469-RRM.**

July 12, 1993.

Larry D. Floyd, pro se petitioner.
Loren C. Meyers, State of Delaware Department of Justice, Wilmington, for respondents.

MEMORANDUM OPINION

McKELVIE, District Judge.

*1 This is a habeas corpus case. The petitioner, Larry D. Floyd, is a state prisoner. On January 24, 1989, following a two day jury trial, Floyd was convicted in the Superior Court of the State of Delaware in and for Sussex County of first degree unlawful sexual intercourse, second degree burglary, and criminal mischief. On March 13, 1989, the Superior Court sentenced him to life imprisonment on the first degree unlawful sexual intercourse conviction; seven years on the second degree burglary conviction; and six months on the criminal mischief conviction.

On direct appeal, the Delaware Supreme Court affirmed the convictions. *Floyd v. State,* No. 104, 1989 (Del. Nov. 6, 1989) (*Floyd I* ). Floyd then moved for post-conviction relief. The Superior Court denied the motion, *State v. Floyd,* Cr.A. Nos. S88-01-0142, 0143, 0145 (Del.Super.Ct. Dec. 11, 1991) (*Floyd II* ), and the Delaware Supreme Court dismissed Floyd's appeal of that decision as untimely. *Floyd v. State,* No. 18, 1992 (Del. Feb. 12, 1992) (*Floyd III* ). On April 20, 1992, Floyd filed a second motion for post-conviction relief. Again, the Superior Court denied the motion, *State v. Floyd,* Cr.A. Nos. S88-01-0142, 0143, 0145 (Del.Super.Ct. May 4, 1992) (*Floyd IV* ), and the Delaware Supreme Court affirmed the Superior Court's decision. *Floyd v. State,* No. 194, 1992 (Del. July 13, 1992) (*Floyd V* ).

On August 11, 1992, Floyd filed a habeas petition in this Court. In his petition, Floyd raised four grounds for federal habeas relief. On May 27, 1993, having reviewed the petition and the state court records in this matter, the Court determined that Floyd had failed to exhaust state court remedies regarding two of his claims. As mixed petitions must be dismissed in their entirety unless the petitioner dismisses the unexhausted claims, *Rose v. Lundy,* 455 U.S. 509, 520 (1982), the Court ordered Floyd to advise the Court whether he wished to voluntarily dismiss the unexhausted claims and proceed with the remaining claims. On June 4, 1993, Floyd voluntarily dismissed his unexhausted claims. Accordingly, the Court will address his remaining claims: (1) that his pretrial, trial, appellate, and post-conviction counsel provided constitutionally ineffective assistance of counsel; and, (2) that he was denied the right to a preliminary hearing.

*FACTUAL BACKGROUND*

On January 9, 1988, Carolyn Bailey was at home with her two children. Her husband had gone out to a club for the evening. At some point that night, she and one of her children fell asleep watching television. Thereafter, Mrs. Bailey awoke to find a man on top of her engaging in sexual intercourse. She quickly realized it was not her husband but Larry Floyd, a friend of her husband whom she had met approximately one year before. Mrs. Bailey screamed, pushed Floyd off of her, and chased him out of the house. After she had chased Floyd out of the house, Mrs. Bailey noticed a window in the kitchen had been broken.

Later that evening, Floyd arrived at the club where Mr. Bailey was. Floyd told Mr. Bailey that he had just driven past his house and had noticed that a door was open and a window was broken. Mr. Bailey immediately left the club and went home, where he found his wife crying and upset. After Mrs. Bailey told her husband what had happened, Mr. Bailey left the house in search of Floyd. He found Floyd at Floyd's mother's house. Mr. Bailey and Floyd had a brief altercation in which Floyd denied having been at the Bailey's home at the time of the offense. During the altercation, Mr. Bailey determined that Floyd's shoes matched the footprints he had found outside his home under the broken window.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1993 WL 797458 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

**\*2** When Mr. Bailey returned home, he and his wife reported the incident to the police.

### DISCUSSION

#### 1. *Ineffective assistance of counsel*

In his first claim for relief, Floyd alleges his pretrial, trial, appellate, and post-conviction counsel provided ineffective assistance. In support of this claim, Floyd cites the following instances of his counsel's allegedly deficient performance: (1) his pretrial counsel waived a preliminary hearing without his consent; (2) his trial counsel failed to call any expert witnesses on his behalf and failed to present "favorable evidence" to the jury; (3) his appellate counsel failed to raise on direct appeal the argument that the evidence at trial was insufficient to convict Floyd of unlawful sexual intercourse; and (4) his post-conviction counsel failed to present certain arguments to the Superior Court after it had scheduled an evidentiary hearing on Floyd's post-conviction motion.

In order to demonstrate that his counsel was constitutionally ineffective, Floyd must satisfy the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). First, Floyd must show that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Second, Floyd must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

For the following reasons, the Court finds Floyd has not satisfied the *Strickland* test for any of his ineffective assistance of counsel claims. First, Floyd cannot establish that by waiving a preliminary hearing, his pretrial counsel's performance fell below an objective standard of reasonableness. In its decision on Floyd's post-conviction motion, the Superior Court found that it is customary in Delaware for defense counsel to waive preliminary hearings in exchange for receiving police reports. *Floyd II,* at 6. Moreover, Floyd has not established that he was prejudiced by his counsel's decision to waive the preliminary hearing. He merely complains about the decision; he has not identified any evidence that could have been introduced at the preliminary hearing that would have affected the outcome of his trial.

Second, he has not identified any facts or circumstances demonstrating that he was prejudiced by his trial counsel's decision not to call various expert witnesses. He has not identified specific testimony these experts would have been able to offer at trial; nor has he demonstrated how the experts' testimony would have affected the outcome of his trial. Floyd also claims his trial counsel refused to present "favorable evidence" to the jury; however, Floyd has not identified any specific evidence his attorney failed to present or demonstrated how such evidence would have affected the outcome of his trial.

Third, Floyd cannot show that he was prejudiced by his appellate counsel's decision not to raise on appeal the argument that the evidence at trial was insufficient to convict Floyd of unlawful sexual intercourse. In light of Mrs. Bailey's testimony at trial that Floyd was the man who broke into her home and raped her, there was sufficient evidence to convict Floyd of unlawful sexual intercourse.

**\*3** Fourth, as there is no constitutional right to counsel in post-conviction proceedings, Floyd cannot maintain a claim that his post-conviction counsel provided constitutionally ineffective assistance. *See Coleman v. Thompson,* 115 L.Ed.2d 640, 671 (1991).

#### 2. *Preliminary hearing*

In his second claim for relief, Floyd alleges he was denied the right to a preliminary hearing. This claim does not raise any issues cognizable under 28 U.S.C. § 2254. The Constitution does not require a state preliminary hearing. *See, e.g., Nichols v. Estelle,* 556 F.2d 1330, 1331 (5th Cir.1977), *cert. denied,* 434 U.S. 1020 (1978); *United States ex rel. Dickens v. Rundle,* 328 F.Supp. 41, 43 (E.D.Pa.1971). Accordingly, Floyd's second claim for relief lacks merit.

For the foregoing reasons, the Court will deny Floyd's petition. The Court will enter an Order in accordance with this Memorandum Opinion.

### ORDER

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1993 WL 797458 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

For the reasons stated in the accompanying Memorandum Opinion of this date,

IT IS HEREBY ORDERED as follows:

1. Petitioner's application for a writ of habeas corpus is DENIED and the petition is DISMISSED.

2. No probable cause exits to appeal.

3. The Clerk shall mail a copy of the Court's Memorandum Opinion and this Order to the petitioner and to Loren C. Meyers, Esquire, Deputy Attorney General, Department of Justice, 820 N. French Street, Wilmington, Delaware 19801.

D.Del.,1993.
Floyd v. Snyder
Not Reported in F.Supp., 1993 WL 797458 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:92CV00469 (Docket) (Aug. 11, 1992)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.