IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY D. FLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-869-KAJ |
| | ) | |
| THOMAS CARROLL, | ) | |
| Warden, and CARL C. DANBERG, | ) | |
| Attorney General of the State of | ) | |
| Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

I.  **BACKGROUND**

In 1992, petitioner Larry D. Floyd filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1989 conviction and life sentence for first degree unlawful sexual intercourse, second degree burglary, and criminal mischief. *See Floyd v. Snyder*, 1993 WL 797458 (D. Del. July 12, 1993). The petition asserted several ineffective assistance of counsel claims and a claim that Floyd was denied a preliminary hearing. The Honorable Roderick M. McKelvie denied the petition as meritless. *See Floyd v. Snyder*, 1993 WL 797458 (D. Del. July 12, 1993).

In 2005, petitioner Floyd filed the pending § 2254 petition and a supporting memorandum asserting the following four claims: (1) retroactive application of House Bill No. 31 and *Evans v. State*, 872 A.2d 539 (Del. 2005) violates the ex post facto clause, and his life sentence should be re-calculated as a 45 year sentence pursuant to

*Crosby v. State*, 824 A.2d 894 (Del. 2003); (2) the first mandatory twenty years of his life sentence for first degree unlawful sexual intercourse violates his rights under the Sixth, Eighth, and Fourteenth Amendments; (3) the Delaware state courts misapplied Superior Court Criminal Rule 35(a) in violation of his rights under the Sixth and Fourteenth Amendments; and (4) the Superior Court lacked jurisdiction over his criminal proceeding. (D.I. 2; D.I. 3)

The State filed a motion to dismiss the petition in its entirety for lack of subject matter jurisdiction. (D.I. 13.) More specifically, the State contends that claims one, two and four are second or successive and that claim three presents a state law issue that is not cognizable on federal habeas review. The State also appears to contend that claim one is moot because the Delaware Supreme Court declared House Bill No. 31 unconstitutional.

## II.  DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires petitioners to first obtain authorization from the appropriate court of appeals before filing a second or subsequent habeas petition in district court. 28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2646 (2005)("before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions"). AEDPA does not define the term "second or successive" habeas petition. However, the Third Circuit Court of Appeals has explained that the pre-AEDPA "abuse of the writ" doctrine should be applied in determining whether a

2

habeas petition is "second or successive." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Consequently, if a new habeas petition challenges the same conviction and sentence challenged and denied on the merits in the first petition, and the new petition asserts a claim that could have been raised in a prior habeas petition, that claim is considered "second or successive" within the meaning of § 2244. *Id.*; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). Additionally, if the new habeas petition asserts a new claim that could not have been raised in the prior habeas petition, the petition is second or successive unless the new claim fits within the exceptions explicitly recognized under § 2244(b)(2). These requirements under AEDPA apply even if the first petition was filed and decided before AEDPA's enactment. *See Benchoff*, 404 F.3d at 817-18; *In re Olabode*, 325 F.3d at 169-73.

In claim one, Floyd contends that the retroactive application of House Bill No. 31 and *Evans v. State*, 872 A.2d 539 (Del. 2005) violate the ex post facto clause. He also argues that his life sentence should be re-calculated as a 45 year sentence pursuant to *Crosby v. State*, 824 A.2d 894 (Del. 2003).[1] Floyd could not have raised these claims in his 1992 petition because *Crosby*, *Evans*, and House Bill 31 were not decided or promulgated until 2003 and 2005. However, the Delaware Supreme Court has already declared House Bill 31 to be unconstitutional, rendering Floyd's complaint about House

---

[1]The State does not acknowledge Floyd's contention regarding the re-calculation of his sentence under *Crosby*. The fact that Floyd's issue involving House Bill 31 is moot does not render his contention regarding *Crosby* moot, especially because the *Evans* court expressly held that *Crosby* was decided correctly. *See Evans*, 872 A.2d at 558. For that reason, I will proceed to determine if the *Crosby* claim is second or successive.

Bill 31 moot. Thus, I agree with the State's contention that I do not have the authority to review the portion of claim one involving House Bill 31.[2] *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong v. District Director, INS*, 264 F.3d 378, 383-84 (3d Cir. 2001).

Furthermore, to the extent claim one asserts retroactive sentencing issues under *Evans* and *Crosby*, neither of those state court decisions fit within the exceptions to the "second or successiveness" bar recognized in § 2244(d). For example, *Evans* and *Crosby* are not new rules of constitutional law "made retroactive to cases on collateral review by the Supreme Court," and they do not constitute "factual predicate[s]" that could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(b)(2)(A),(B)(i). Therefore, I conclude that claim one constitutes a second or successive claim.

Claims two and four explicitly challenge Floyd's 1989 conviction, and he could have raised these claims in his 1992 petition. Therefore, these claims are second or successive.

Finally, in claim three, Floyd contends that the Delaware state courts misapplied Delaware Superior Court Criminal Rule 35(a) in denying two Rule 35 motions: one

---

[2]The mootness "principle derives from the case or controversy requirement of Article III of the Constitution." *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005). A case becomes moot if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(internal citations omitted); *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). In other words, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).

motion was filed in 1998 and the other motion was filed in 2004. (D.I. 3, at 16 - 21.) As an initial matter, I agree with the State's contention that this claim involves a state law issue that is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991)(claims based on errors of state law are not cognizable on federal habeas review); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001). Additionally, however, I conclude that the claim constitutes a second or successive claim under AEDPA. The two Rule 35 motions challenged Floyd's 1989 conviction and sentence,[3] and the arguments raised in the motions were available to him at the time he presented his first federal habeas petition. Therefore, because Floyd's challenge to the state courts' disposition of his Rule 35 motions is actually a backdoor attempt to challenge his 1989 conviction, claim three constitutes a second or successive claim.

In short, Floyd has filed a second or successive petition. The record reveals that Floyd has not obtained the requisite permission to file the instant petition from the Third Circuit Court of Appeals. Therefore, I will grant the State's motion dismiss the petition in its entirety because I do not have jurisdiction to review Floyd's claims. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to

---

[3]According to Floyd, the two Rule 35 motions raised the following issues: (1) the mandatory 20 year portion of his 1989 sentence was illegal; (2) the information filed against him was constitutionally deficient; (3) he did not waive prosecution by indictment; and (4) he was denied his Sixth Amendment right to self-representation. (D.I. 3, at 16 - 21.)

dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

### III.  CONCLUSION

Accordingly, it is hereby ORDERED that:

1. The State's motion for leave to file motion to dismiss (D.I. 12) is GRANTED.

2. The State's motion to dismiss Floyd's petition in its entirety for lack of subject matter jurisdiction (D.I. 13) is GRANTED.

3. The clerk shall close the case.

4. I will not issue a certificate of appealability because Floyd has filed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States. V. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2002).

                                                                                  /s/ 
                                                        UNITED STATES DISTRICT JUDGE

September 27, 2006
Wilmington, Delaware